**812**

Juanita Elizabeth SPIEGEL
v.
Aubrey C. ROSS, District Director of
Internal Revenue.
Civ. A. No. 6849.

United States District Court
N. D. Georgia,
Atlanta Division.
Aug. 19, 1960.

Marvin P. Nodvin, Atlanta, Ga., for
plaintiff.

Charles D. Read, Jr., U. S. Atty., At-
lanta, Ga., for defendant.

HOOPER, Chief Judge.

Plaintiff brought action for injunction
against the District Director of Internal
Revenue to prevent his selling a certain
automobile levied upon to satisfy an al-
leged tax liability against her husband.
Stipulation of Facts entered into between
plaintiff and defendant shows in part the
following facts:

On August 7, 1957 plaintiff's husband
owned the automobile in question sub-
ject to title retention contract represent-
ing the unpaid balance of purchase price.
However, it does not appear that the
holder of this title to secure the balance
of purchase price (which was subse-
quently transferred to the Associates
Discount Corporation) is a party to the
case and therefore its rights are not ad-
judicated in this case.

On March 28, 1958 plaintiff's husband
registered the automobile in his own
name and on May 5, 1958 was advised
that the Secretary of the Treasury pro-
posed a one hundred per cent penalty as-
sessment would be made against him.
On May 12, 1958 Mr. Spiegel transferred
the automobile to his wife who had the
same registered in her name with the
Georgia Department of Revenue (regis-
try of the automobile for purpose of li-
cense has no effect on the matter of
title as between the parties hereto). On
June 10, 1958 assessments were made
against Mr. Spiegel which have not been
satisfied, nor any part thereof, there
being a balance due of $21,250.36 plus in-
terest, and notice of federal tax liens
were filed as provided by law.

Mr. Spiegel being advised that the au-
tomobile in question would be levied on,
his wife, the plaintiff herein, filed this
petition for injunction. As of May 21,

1959 the balance of purchase price on the automobile was $1,431.70.

As stated above, no question has been raised by the parties to the case as to whether the Government can levy on the automobile, the title to which is outstanding in a third party to secure the balance of purchase price.

It is quite significant that by entering into the Stipulation of Facts upon which this case shall be determined, the plaintiff has not offered to prove, or suggested any facts, indicating good faith in regard to the voluntary conveyance to her by her husband of the automobile in question after he had been given notice that an assessment would soon be made. This case is therefore controlled by decision of the Georgia Supreme Court in the case of Jones, et al. v. J. S. H. Company et al., 199 Ga. 755, 35 S.E.2d 288, ruling in part as follows:

"Whenever a transaction is between husband and wife and the creditors of the husband attack it for fraud, if the wife claims the property purchased or received from the husband, the onus is upon her to make a fair showing about the whole transaction."

There are several Georgia Code sections relating to rights of creditors to set aside conveyances by the debtor, not made in good faith. Code, § 28–201, subd. 2 provides as follows:

"Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid."

It will be noted in the above code section that "intention to delay or defraud creditors" must be shown, also that such intention was known to the party taking. However, in the case of transactions between husband and wife when such a conveyance is attacked the burden of proof, as pointed out in the above cited case, will be upon the wife to show that the transaction was fair. Particularly is this true where the conveyance was a gift and the wife parted with nothing of value.

The plaintiff therefore, not having come forward with any evidence to show that the transaction was in good faith, cannot recover in the case.